# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

| | |
|---|---|
| In re:<br><br>MERCY HOSPITAL, IOWA CITY, IOWA, *et al.* | Chapter 11<br>Case No. 23-00623 (TJC)<br>Jointly Administered |
| MERCY HOSPITAL LIQUIDATION TRUST OVERSIGHT COMMITTEE as designee of the MERCY HOSPITAL LIQUIDATION TRUST,<br><br>        Plaintiff,<br><br>vs.<br><br>MERCY HEALTH NETWORK, INC d/b/a MERCYONE, SEAN WILLIAMS, and CATHOLIC HEALTH INITIATIVES – IOWA CORP., d/b/a IOWA HEART CENTER,<br><br>        Defendants. | Bankr. Adv. No. 25-09117 (TJC) |
| MERCY HOSPITAL LIQUIDATION TRUST OVERSIGHT COMMITTEE as designee of the MERCY HOSPITAL LIQUIDATION TRUST,<br><br>        Plaintiff,<br><br>vs.<br><br>MERCY HEALTH NETWORK, INC d/b/a MERCYONE, SEAN WILLIAMS, and CATHOLIC HEALTH INITIATIVES – IOWA CORP., d/b/a IOWA HEART CENTER,<br><br>        Defendants. | No. 25-CV-177-CJW-MAR<br><br><br>**ORDER** |

1

## I.     INTRODUCTION

A Report and Recommendation ("R&R") by the Honorable Thad J. Collins, Chief Bankruptcy Judge for the Northern District of Iowa, recommending the Court deny defendants' motion to dismiss, is before the Court.  (Docs. 24 & 24-1).  Defendants Mercy Health Network, Inc. d/b/a MercyOne ("MercyOne"), Sean Williams ("Williams"), and Catholic Health Initiatives—Iowa Heart Center ("CHI") (collectively, "defendants") filed an objection to the R&R.  (Doc. 29).  Mercy Hospital Liquidation Trust Oversight Committee ("plaintiff") filed a resistance, (Doc. 33), and defendants filed a reply, (Doc. 36).  For the following reasons, defendants' objection is **sustained**, the R&R is **adopted in part and modified in part**, the bankruptcy court's decision is **affirmed in part and overruled in part**, and the case may proceed in this Court.

## II.     STANDARD OF REVIEW

When a party files a timely objection to an R&R, a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); Fed. R. Bankr. P. 9033(c); *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609, 619 (8th Cir. 2009) (finding a bankruptcy court's proposed resolution is treated the same as a magistrate judge's R&R).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."); Fed. R. Bankr. P. 9033(c)(2) (same).  It is reversable error for a district court to fail to engage in a de novo review of a magistrate judge's R&R when such review is required.  *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir.

2003).  Accordingly, the Court reviews the disputed portions of Judge Collins' R&R de novo.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard.  *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error").  As the Supreme Court has explained, "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (cleaned up) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  A district judge may, however, elect to review an R&R under a more exacting standard even if no objections are filed.  *See Thomas v. Arn*, 474 U.S. 140, 154 (1985).

### III.    BACKGROUND

Judge Collins set out relevant background facts in his February 10, 2026 Order. (Doc. 24-1, at 2).  The background facts are unobjected to and supported by this Court's own review of the record, so the Court fully adopts them and incorporates them by reference here.

In short, however, Mercy Hospital, Iowa City ("MIC"), filed a Chapter 11 bankruptcy petition on August 7, 2023, and the bankruptcy court confirmed its Joint Chapter 11 Plan of Liquidation (the "Plan") on June 7, 2024.  (*Id.*, at 2).  The Plan created the plaintiff in the adversary proceeding here.  (*Id.*).  After the parties completed substantial Federal Rule of Bankruptcy Procedure 2004 pre-filing discovery, plaintiff filed this adversary proceeding on August 6, 2025, and amended its complaint on September 2, 2025.  (*Id.*, at 3).  Plaintiff's amended complaint asserts fourteen separate causes of action against three separate defendants for avoidance and recovery of certain transfers, breach of contract, unjust enrichment, breach of fiduciary duty, and negligent

3

misrepresentation. (*Id.*, at 3–4). Defendants moved to dismiss plaintiff's amended complaint.

After defendants filed a motion to dismiss, but before Judge Collins ruled on the motion, this Court granted defendants' motion to withdraw the reference and removed the case to this Court. (Doc. 14). Judge Collins had already heard argument on the motion to dismiss, so this Court allowed the motion to dismiss to proceed before Judge Collins. Now that Judge Collins has issued his order, both Judge Collins and this Court agree the safest course of action is to treat his order as a report and recommendation.

## IV.    DISCUSSION

Judge Collins recommends denying defendants' motion to dismiss in its entirety. Judge Collins generally found Federal Rule of Civil Procedure 8 did not require dismissal of the amended complaint because it gives the defendants fair notice of plaintiff's claim and deals with a complex matter that justifies the lengthy pleading; that plaintiff's unjust enrichment claim should not be dismissed because unjust enrichment claims can be pled in the alternative to breach of contract claims, which plaintiff's amended complaint did here; and that that the fraudulent transfer claims should not be dismissed because the fraudulent transfer claims were permissibly plead in the alternative to breach of contract claims and can be addressed as a factual question later in the case.

Defendants disagree with Judge Collins' rulings on the Rule 8 issues and the fraudulent transfer claims, but do not formally object to Judge Collins' findings on those two issues. Defendants, however, "specifically object to the Bankruptcy Court's report and recommendation regarding [plaintiff's] unjust enrichment claim." (Doc. 29, at 3). Plaintiff responded to defendants' arguments but did not assert any objections of its own. (Doc. 33). Thus, the Court will review Judge Collins' findings on the unjust enrichment claim de novo and will review the remaining issues under a clearly erroneous standard.

4

## A.    *Unobjected to Portions of the R&R*

No party objected to Judge Collins' findings relating to the Rule 8 argument and the fraudulent transfer claims, so the Court will only briefly analyze the claims under a clearly erroneous standard.

First, the Court has reviewed Judge Collins' analysis regarding the applicable law for dismissal under Federal Rule of Civil Procedure 8 and has also conducted its own research on the topic.  The Court finds Judge Collins accurately stated the applicable law.  The Court has also reviewed Judge Collins' application of Rule 8 to plaintiff's amended complaint.  Judge Collins reviewed the amended complaint and, along with his extensive history with this matter, determined this is a complex business dispute that justified a lengthy complaint.  Judge Collins also determined that the amended complaint gave the parties fair notice of the claims, and it was relatively clear about which allegations were incorporated into the various claims.  This Court has also reviewed the amended complaint and finds Judge Collins' finding that Rule 8 did not require dismissal was not clearly erroneous.

Second, the Court has reviewed Judge Collins' analysis regarding the applicable law for fraudulent transfers under Title 11, United States Code, Section 548(a)(1)(B), fraudulent transfers and insider transfers under state law using Title 11, United States Code, Sections 544, 550, and 551, and preferential transfers under Title 11, United States Code, Section 547.  The Court has also conducted its own research on the topic and finds Judge Collins accurately stated the applicable law.  The Court has also reviewed Judge Collins' application of the fraudulent and preferential transfer claims to plaintiff's amended complaint.  Again, Judge Collins fully reviewed the amended complaint and determined the claims were not precluded by the existence of a contract and that the fraudulent transfer claims can be pled in the alternative to a breach of contract claim.  As to the fraudulent transfer claims, Judge Collins also found plaintiff alleged fraudulent transfer, but that there are factual questions that preclude dismissal at this stage.  This

5

Court has also reviewed the amended complaint and finds Judge Collins' finding that the fraudulent and preferential transfer claims should not be dismissed was not clearly erroneous.

Thus, the Court affirms the R&R recommending plaintiff's amended complaint as it relates to Rule 8 and the fraudulent transfer claims.

### B.    *Unjust Enrichment*

Defendants object to Judge Collins' findings on the unjust enrichment claim, so the Court will review the unjust enrichment findings de novo.

As to unjust enrichment, Judge Collins first found an unjust enrichment claim fails when there is an enforceable contract between the parties on the subject matter and the existence and scope of the express contract is undisputed.  (Doc. 24-1, at 18).  Judge Collins also found, however, that a party can plead unjust enrichment in the alternative to a breach of contract claim when the existence and terms of a contract are in dispute. (*Id.*).  Applying the law to the amended complaint, Judge Collins found plaintiff pled unjust enrichment in the alternative to its breach of contract claim.  (*Id.*, at 19).  Judge Collins acknowledged plaintiff's allegations that it was pleading unjust enrichment in the alternative were "not the model of precision," but Judge Collins also identified several allegations that he understood to reasonably infer the unjust enrichment claim is an alternative cause of action.  (*Id.*).  For example, according to Judge Collins, plaintiff alleged "this action is commenced under Iowa law for MercyOne's breach of the Affiliation Agreement, unjust enrichment resulting from its failure to fully perform under the Affiliation Agreement, **and** due to its receipt of fees for services it did not provide." (*Id.*).  Judge Collins also found plaintiff incorporated many paragraphs asserting the existence of an express contract into its unjust enrichment claim, but some of those paragraphs suggested an unjust enrichment claim not based solely on the express contract. (*Id.*, at 19–20).  Thus, Judge Collins found plaintiff alleged unjust enrichment in the alternative to its breach of contract claim and recommended it not be dismissed, but Judge

6

Collins cautioned plaintiff that ultimately recovery would not be permitted for conduct covered by a valid contract. (*Id.*, at 20).

Defendants object to several aspects of Judge Collins' findings on the unjust enrichment claim. First, although defendants do not disagree with Judge Collins' finding that an unjust enrichment claim can be pled in the alternative to a breach of contract claim, defendants argue Judge Collins erred in finding plaintiff's unjust enrichment was an independent claim raised in the alternative to the breach of contract claim. (Doc. 29, at 3). According to defendants, plaintiff expressly alleged there was a signed, written contract that governed MIC and MercyOne's relationship (the "Affiliation Agreement") and nobody disputes the existence, validity, and enforceability of the Affiliation Agreement. (*Id.*, at 4). Plaintiff's unjust enrichment claim, according to defendants, incorporates by reference all preceding paragraphs, including that the Affiliation Agreement was a binding contract between MIC and MercyOne. (*Id.*, at 5). Defendants then argue the damages plaintiff seeks for unjust enrichment expressly allege MIC did not receive services that it bargained for under the Affiliation Agreement. (*Id.*). In short, defendants argue plaintiff's allegations of unjust enrichment are based on payments MIC made under a written contract for services MercyOne was required to provide but did not, so unjust enrichment is not an available claim under Iowa law.

Second, defendants also argue Judge Collins erred in declining to dismiss the unjust enrichment claim because plaintiff might later show it made payments not covered by the express contract because that was never pled. (*Id.*, at 7–8). According to defendants, plaintiff did not plead this in the amended complaint, and it cannot amend its pleading through a promise in a resistance to a motion to dismiss that it will be able to show something later. (*Id.*, at 8).

Last, defendants also argue the allegations Judge Collins relied on in finding plaintiff pled unjust enrichment as an alternative to the breach of contract claim do not support Judge Collins' conclusion. (*Id.*, at 8–9). According to defendants, plaintiff's

allegations do not say or imply anything about unjust enrichment being pled as an alternative, and Judge Collins did not explain how the allegations he cited as support for plaintiff's alternative pleading show unjust enrichment was pled in the alternative. (*Id.*, at 9).

In response, plaintiff argues that under Iowa law it may plead unjust enrichment in the alternative to a breach of contract claim if there is a question as to the existence, scope, or terms of a contract. (Doc. 33, at 5). Plaintiff then argues it alleges matters outside of the Affiliation Agreement and points to several specific examples. (*Id.*, at 6). Plaintiff's arguments are premised on its argument that there are disagreements about the scope and nature of the Affiliation Agreement. (*Id.*).

As Judge Collins accurately described, to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The Court must also grant all reasonable inferences from the pleadings in favor of the nonmoving party." *Hotchkiss v. Cedar Rapids Cmty. Sch. Dist.*, No. 23-CV-33-CJW-MAR, 2023 WL 6163487, at *2 (N.D. Iowa Sept. 21, 2023) (quotations and citation omitted). Plausibility is not equivalent to probability, but it is something "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Further, as to unjust enrichment specifically, "[g]enerally the existence of a contract precludes the application of the doctrine of unjust enrichment." *Johnson v. Dodgen*, 451 N.W.2d 168, 175 (Iowa 1990). But a party generally may also plead an unjust enrichment claim in the alternative to a contract claim. *See Kehrer Bros. Constr., Inc. v. Intercoastal Roofing Sols., LLC*, No. 3:13-CV-0085-JAJ, 2013 WL 11740243, at *3 (S.D. Iowa Dec. 19, 2013) ("Iowa Supreme Court and Eighth Circuit Court of Appeals cases have allowed pleadings of express contract, quantum meruit, and unjust

8

enrichment as alternative theories of recovery."). When a contract is not disputed, however, a plaintiff cannot maintain their unjust enrichment claim on the same subject matter. *See Warner v. Wartburg Coll.*, No. 21-CV-2029-CJW-MAR, 2021 WL 3276375, at \*10 (N.D. Iowa July 30, 2021) ("Because the existence of a contract is no longer in dispute, plaintiff cannot also maintain her unjust enrichment claim on the same subject matter.").

The Court agrees with defendants that a complaint cannot be amended through a resistance to a motion to dismiss. (Doc. 29, at 8) (citing *Morgan Distrib. Co. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989)). Plaintiff's argument in its resistance brief that it alleged matters outside the scope of the undisputed portions of the Affiliation Agreement can only survive if they are *pled* in the amended complaint. Thus, the Court will turn to the allegations in the amended complaint and in doing so, finds plaintiff has not alleged unjust enrichment in the alternative and that all of plaintiff's unjust enrichment allegations are based on the Affiliation Agreement.

First, plaintiff's amended complaint does not allege it is bringing its unjust enrichment claim in the alternative to its breach of contract claim. There is nothing in the unjust enrichment section or anywhere else in the amended complaint that expressly states the unjust enrichment claim is an alternative claim to the breach of contract claim. The Court does not find the amended complaint must expressly use the word "alternative" to describe its unjust enrichment claim, but there is not even any indication it is bringing unjust enrichment as an alternative claim. *See Holman v. Indiana*, 211 F.3d 399, 407 (7th Cir. 2000).

Indeed, Judge Collins only pointed to one specific allegation in support of his finding plaintiff pled unjust enrichment in the alternative, which states: "[T]his action is commenced under Iowa law for MercyOne's breach of the Affiliation Agreement, unjust enrichment resulting from its failure to fully perform under the Affiliation Agreement, **and** due to its receipt of fees for services it did not provide." (Doc. 24-1, at 19) (emphasis

9

in original).  Judge Collins stated that this allegation "is not the model of precision" for pleading in the alternative, and the Court agrees.  (*Id.*).  But unlike Judge Collins, the Court does not find this pleads unjust enrichment in the alternative.

At most, the allegation provides a roadmap for its claims that it will pursue and that it will seek relief for unjust enrichment based on the Affiliation Agreement *and* for fees it paid to MercyOne for services it did not provide.  In other words, there are two bases for the unjust enrichment claim, one of which is based on the Affiliation Agreement and one that falls outside of the Affiliation Agreement.  The second is not an alternative to the Affiliation Agreement, it is based on separate actions that fall outside the Affiliation Agreement.  Thus, read generously, the allegation Judge Collins relied on does not imply unjust enrichment as an alternative to the breach of contract claim, but a separate claim based on independent actions.  Unfortunately for plaintiff, despite claiming it will pursue a separate action that falls outside of the Affiliation Agreement, plaintiff's complaint fails to actually allege actions outside of the Affiliation Agreement.

Next, many of the allegations for plaintiff's unjust enrichment claim are expressly based on the Affiliation Agreement.  Plaintiff plainly alleged the existence and terms of a contract, i.e. the Affiliation Agreement, and attached the Affiliation Agreement as an exhibit to its amended complaint.  (Doc. 1-4, at 8, 107).  Plaintiff incorporated all allegations relating to the Affiliation Agreement into its unjust enrichment claim.  (*Id.*, at 84).  None of plaintiff's specific unjust enrichment allegations deny the existence of the Affiliation Agreement, allege there are disagreements about the scope of the Affiliation Agreement, or state unjust enrichment is being pled in the alternative to the breach of contract claim.  (*Id.*, at 84–85).  Several of plaintiff's unjust enrichment allegations expressly reference the Affiliation Agreement.  For instance, plaintiff alleges "MIC received fewer services than it bargained for under the Affiliation Agreement or received incomplete or partial services provided by the Affiliation Agreement" and that "MercyOne will be unjustly enriched unless the OC is allowed to recover the value of

10

the services MIC did not receive under the Affiliation Agreement." (*Id.*, at 85). Plaintiff also alleges in its unjust enrichment claim it transferred approximately $13,783,621.35 "on account of the Affiliation Agreement." (*Id.*, at 84). This is the exact amount plaintiff alleges for its breach of contract claim that MercyOne invoiced but failed to provide services for as required by the Affiliation Agreement. (*Id.*). Thus, most of plaintiff's unjust enrichment allegations expressly state they are seeking recovery under the Affiliation Agreement.

There are only two allegations in the unjust enrichment portion of plaintiff's amended complaint that do not expressly refer to the Affiliation Agreement. The first allegation is that "MercyOne invoiced MIC for a full time CEO, for management fees, and for additional services, without MIC's receipt of the value of those services." (Doc. 1-4, at 84). But plaintiff does not allege these matters fell outside the Affiliation Agreement. In fact, plaintiff alleges the Affiliation Agreement required MercyOne to provide MIC a full-time CEO, so MercyOne should have paid those expenses. (*Id.*, at 39). Also, in its breach of contract claim, plaintiff alleged MercyOne failed to pay for specific CEO services "in contravention of the Affiliation Agreement." (*Id.*, at 83). In other words, plaintiff pled the Affiliation Agreement covered CEO matters. Its unjust enrichment claim relating to the costs plaintiff paid for a full-time CEO and for management fees falls directly under the Affiliation Agreement and is thus a breach of contract matter, even if plaintiff did not expressly say so in its complaint.

The second allegation that does not expressly reference the Affiliation Agreement states: "MercyOne will be unjustly enriched unless the OC is allowed to recover the damages MIC incurred by MercyOne's failure to pursue strategic affiliation with MIC." (*Id.*, at 85). Despite not referencing the Affiliation Agreement expressly, this allegation implicitly relies on the Affiliation Agreement and the parties' obligations under the Affiliation Agreement. If MercyOne had an obligation to pursue strategic affiliation under the Affiliation Agreement but they did not do so, then it is a breach of contract

11

matter. There are no allegations the Court is aware of that MIC paid for any strategic affiliation services outside of the Affiliation Agreement, so MercyOne could not have been unjustly enriched for payments outside of the Affiliation Agreement relating to strategic affiliation. In other words, the question of MercyOne's obligations is a contract matter under the Affiliation Agreement, not unjust enrichment.

Thus, plaintiff failed to plead it was bringing its unjust enrichment claim in the alternative, and even if it had, all its unjust enrichment allegations are plainly based on the Affiliation Agreement and are therefore breach of contract, not unjust enrichment, matters.

## *V.    CONCLUSION*

For these reasons, the R&R is **adopted in part and modified in part**, the bankruptcy court's decision is **affirmed in part and overruled in part**, and the case may proceed in this Court. (Doc. 24). The Court **sustains** defendants' objection to the R&R on plaintiff's unjust enrichment claim and dismisses the unjust enrichment claim (Count VI) from the amended complaint. The Court otherwise affirms the R&R and the remaining claims may proceed.

**IT IS SO ORDERED** this 30th day of April, 2026.

_____

C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa